IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARCHIE E. LIDEY, III,

        Plaintiff,                               15cv0683
                                                        **ELECTRONICALLY FILED**
        v.

MOSER'S RIDES, SRL,

        Defendant.

**MEMORANDUM ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1631**

Plaintiff Archie E. Lidey, III ("Plaintiff" or "Lidey") filed this action on May 26, 2015 alleging defective design and manufacture of an amusement park attraction known as the "Spring Ride" and manufactured by Defendant Moser Rides, S.r.L., an Italian company (incorrectly identified in the caption as "Moser's Rides, SRL" and hereinafter referred to as "Moser" or "Defendant"). Doc. No. 1. Plaintiff allegedly sustained injuries when his arm was caught in a pinch point of the Spring Ride while he was assembling it. *Id.*

Moser has moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or Rule 12(b)(5) for failure to effect service on Moser, an Italian company, in a timely manner. Doc. Nos. 7 and 8. Plaintiff concedes that this Court does not have jurisdiction over Moser, but argues that the United States District Court for the Middle District of Florida, Tampa Division, has specific jurisdiction over Moser and the case should be transferred to that district court pursuant to 28 U.S.C. § 1406(a)[1]. For the reasons set

---

[1] 28 U.S.C. § 1406(a) provides for the dismissal or transfer of a case brought in a district court in which venue is improper. As the events allegedly causing Plaintiff's injury occurred within the Western District of Pennsylvania, it appears venue would be proper, although jurisdiction is lacking. As discussed, *infra*, 28 U.S.C. § 1631 provides authority for the transfer of a case from a district court lacking personal jurisdiction over the defendant to another

forth herein, the Court will DENY Defendant's Motion to Dismiss and will TRANSFER the case to the United States District Court for the Middle District of Florida, Tampa Division.

## I. Legal Standards

### A. Rule 12(b)(2)

Fed. R. Civ. P. 12(b)(2) permits a defendant to challenge the Court's exercise of personal jurisdiction. When considering a motion to dismiss pursuant to Rule 12(b)(2), the Court must accept plaintiff's allegations as true and construe disputed facts in his favor. *Pinker v. Roche Holdings*, 292 F.3d 361, 368 (3d Cir. 2002). The plaintiff bears the burden of showing sufficient contacts between the defendant and the forum to establish jurisdiction. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

Here, Plaintiff concedes that general jurisdiction and specific jurisdiction are absent in the Western District of Pennsylvania. Doc. No. 22. He asserts that the United States District Court for the Middle District of Florida has specific jurisdiction over Defendant. *Id.* To establish specific jurisdiction, a plaintiff must show that (1) "the defendant must have purposefully directed its activities at the forum;" (2) "the litigation must arise out of or relate to at least one of those activities;" and (3) "if the first two requirements have been met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citations omitted).

### B. Rule 12(b)(5)

Fed. R. Civ. P. 12(b)(5) allows a defendant to move to dismiss a case for insufficiency of service of process. Fed. R. Civ. P. 4(m) generally provides that a defendant must be served within 90 days after the complaint is filed, but specifically exempts service of parties in foreign

---

district court which has jurisdiction. *See* discussion of 28 U.S.C. §§ 1404, 1406(a), and 1631 in *Allegheny Technologies, Inc. v. Strecker*, 2007 WL 853547 at *7 (W.D. Pa., March 16, 2007).

countries from this requirement. Fed. R. Civ. P. 4(f) provides that a foreign party may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]"

### C. Transfer

28 U.S.C. § 1631 provides that if a civil action is filed in a district court that finds there is a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed[.]"

## II.   Analysis[2]

### A. Rule 12(b)(2)

Moser manufactured the Spring Ride in Italy. Moser then transported the Spring Ride to Jacksonville, Florida; showed the Spring Ride at a tradeshow in Orlando, Florida in an attempt to sell it; stored the Spring Ride in Riverview Florida for approximately 3 years; and then ultimately sold the Spring Ride to MAC Amusement Company in Florida[3]. The Spring Ride was then apparently sold twice more before arriving in Pennsylvania.

These actions by Defendant show that it has purposefully availed itself of the privilege of conducting business within the state of Florida to sell the Spring Ride. Moreover, as Plaintiff's claims relate to the design and manufacture of the Spring Ride, a sufficient causal relationship exists between Plaintiff's claims and Defendant's actions within Florida in attempting to and

---

[2] Because the Court writes primarily for the Parties, it will not repeat the lengthy factual allegations contained in the Parties' briefs (doc. nos. 8, 22, and 23), but incorporates them by reference. The Court notes that, although the Parties disagree about their significance, the relevant factual matters applicable to the Court's analysis are mostly undisputed.

[3] Defendant argues that Plaintiff has failed to establish that the "sale and/or negotiations for the sale" actually occurred in Florida, but the Court finds that, drawing the inferences in the light most favorable to Plaintiff as it must, Plaintiff has established this fact for purposes of this Motion to Dismiss.

ultimately selling the Spring Ride. Florida's Long-Arm Statute permits a court to exercise specific jurisdiction over a nonresident Defendant "when the Plaintiff's cause of action arises from or is directly related to a Defendant's contacts with the forum state." *Crowe v. Paragon Relocation Res., Inc.*, 506 F. Supp. 2d 1113, 1120 (N.C. Fla. 2007). Here, it was reasonable for Moser to foresee that, having sold the Spring Ride in Florida, it may be haled in to court there in the event of claims of defective design and/or manufacture of the ride.

Accordingly, Defendant's Motion to Dismiss under Rule 12(b)(2) will be DENIED as this Court will transfer the case to the Middle District of Florida.

### B. Rule 12(b)(5)

Although service of Defendant Moser in Italy was not made for 261 days after the filing of the Complaint, Plaintiff has shown that he was diligent and took reasonable steps to follow the procedures of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in order to properly serve Moser in Italy. Accordingly, Defendant's Motion to Dismiss under Rule 12(b)(5) will be DENIED.

### C. Transfer

Because this Court finds that jurisdiction is proper within the Middle District of Florida, and because Florida has an interest in adjudicating disputes over defectively designed and manufactured products sold within its borders, the interests of justice require that this Court transfers the case to the United States District Court for the Middle District of Florida.

### III.     Conclusion

For the reasons set forth, Defendant's Motion to Dismiss under Rule 12(b)(2) is DENIED, and Defendant's Motion to Dismiss under Rule 12(b)(5) is DENIED. IT IS HEREBY ORDERED that the civil action is TRANSFERRED to the United States District Court for the Middle District of Florida.  The Clerk shall mark this case CLOSED.

SO ORDERED, this 12th day of May, 2016,

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge