UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARCHIE E. LIDEY, III,

    Plaintiff,

v.                                                    Case No: 8:16-cv-1241-T-17JSS

MOSER'S RIDES, SRL and LUEHRS'
IDEAL RIDES, INC.,

    Defendants.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Sanctions Against Defendant Moser's Rides, SRL ("Motion for Sanctions") (Dkt. 103) and Defendant, Moser Rides, SRL's Response in Opposition to Plaintiff's Motion for Sanctions (Dkt. 105). Plaintiff seeks sanctions pursuant to Federal Rule of Civil Procedure 37 for Defendant's failure to comply with the Court's discovery order. (Dkt. 103.) On October 6, 2017, the Court entered the parties' agreed Order on Plaintiff's Motion to Compel. (Dkt. 97.) The Court required Defendant to produce employees Camillo Pasquino and Pachinelli Alberto for deposition to be held via videoconference within twenty-five days of the Order and produce documents responsive to Plaintiff's Requests for Production, items 6 and 7, within fifteen days of the Order and no later than ten days prior to the depositions. (Dkt. 97.) Plaintiff argues that Defendant failed to comply with the Order. (Dkt. 103.) Plaintiff now seeks an order precluding Defendant from relying on the requested documents, precluding Defendant from calling Mr. Pasquino or Mr. Alberto as witnesses, and precluding Defendant from arguing that Defendant manufactured the subject ride's electrical and hydraulic system in accordance with its design specifications. (Dkt. 103 at 5.)

The court has broad discretion to impose sanctions for failure to comply with an order to provide or permit discovery. Fed. R. Civ. P. 37(b). As such, the court has at its disposal a wide array of possible sanctions it can issue "to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999); Fed. R. Civ. P. 37(b)(2)(A). However, sanctions are not generally warranted where a party has shown that it made all reasonable efforts to comply with the court's order. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1050 (11th Cir. 1994).

Upon review of Defendant's response to Plaintiff's Motion for Sanctions, the Court finds that Defendant's actions do not warrant sanctions at this time. In an email dated October 20, 2017, Defense counsel made Mr. Pasquino and Mr. Alberto available for deposition. (Dkt. 105-1.) Specifically, Defense counsel indicated that Plaintiff's counsel could choose any day and he would make the witnesses available. (Dkt. 105-1.) Further, on November 7, 2017, Defendant served its Supplemental Responses to Plaintiff's Requests for Production to requests number 6 and 7. (Dkt. 105-2.) Defendant stated that after a good faith investigation for the requested documents, it has no further responsive documentation in its possession. (Dkt. 105-2.) Thus, although Defendant was untimely in its production of the supplemental response, Plaintiff was not prejudiced by the delay. Additionally, Plaintiff did not confer with Defendant regarding the Motion for Sanctions prior to filing and therefore failed to comply with Local Rule 3.01(g). M.D. Fla. Local R. 3.01(g). Although the Court has broad discretion to award sanctions for the failure to comply with a prior discovery order, the Court does not find that the severe sanctions Plaintiff requests are warranted at this time. Fed. R. Civ. P. 37(b)(2)(A). Further, as it appears the depositions of Mr. Pasquino and Mr. Alberto have yet to be taken, the Court notes that the parties may notice the depositions

for a mutually convenient time pursuant to Local Rule 3.02.  M.D. Fla. Local R. 3.02.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Sanctions Against Defendant Moser's Rides, SRL (Dkt. 103) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, on November 27, 2017.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record